# Jackson, Adm'r. *v.* Jackson.

### *Bill to Enjoin Suit at Law.*

1. *Bailee cannot set up title adverse to bailor.*—If a person deposits money as her own with one who afterwards takes out letters of administration on the estate of her deceased husband, and sets up a claim to the money as belonging to such estate, the contract of bailment is not thereby destroyed, and the burden is on the administrator to prove that the claim of his intestate is superior to that of the bailor.

2. *Evidence of ownership of funds.*—Declarations of a husband that moneys belonging to his wife, and his recognition that the money was hers, continued for years, together with the fact that the notes for the money when loaned were drawn by the husband, payable to her, and his declaration that he had no money, constitute sufficient evidence of ownership of money deposited by the wife in her own name on an action between her and the bailee.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. THOMAS COBBS.

The former appeal in this case is reported in 84 Ala, p. 343. The facts fully appear in the opinion of the court.

SIMPSON & JONES, for appellants.

R. A. McCLELLAN, for appellee.

[Jackson, Adm'r v. Jackson.]

COLEMAN, J.—The facts of the case may be briefly stated as follows:   Elizabeth Jackson deposited eight hundred and eighty dollars with Jackson Bros.   Upon their refusal to return the money, after demand, she began an action at law in the Circuit Court for its recovery.

Felix E. Jackson one of the complainants was a member of the firm of Jackson Bros.   He and his brother Frank Jackson, as administrator of A. E. Jackson, deceased, filed the present bill in the Chancery Court, claiming the money as the property of their intestate A. E. Jackson, and upon sufficient allegations obtained a temporary injunction, restraining Elizabeth Jackson from prosecuting the suit in the Circuit Court.

Upon proof at the final hearing the bill was dismissed and the injunction dissolved.   From this final decree the present appeal was taken.

The facts satisfactorily show that the deposit of the money was a special deposit, with Jackson Bros. which required them to exercise reasonable care for its safe keeping, and to return it to the depositor on demand.   Leaving out of view the character of the receipt itself, the testimony of Felix E. Jackson to whom the money was delivered on deposit is strongly convincing that Elizabeth Jackson parted with the money as her own property, and that the depositary received it from her as her money.   Every fact in regard to the deposit of the money and its ownership testified to by him, was made known to him by her prior to and at the time of the deposit.   It was after receiving the deposit that he and his brother qualified as administrators of A. E. Jackson, and set up a claim to the money in their representative capacity.

The general rule is that the bailee is not permitted to set up a *justertii* or title of a third person in himself.   But when the bailor had no valid title, the bailee, may on demand deliver the goods bailed to the rightful owner, and this would be a good defense to an action brought by the bailor, the *onus* being on the bailee to establish the defense.— *Young v. East Ala. Railroad Co.*, 80 Ala. 102; *Powell v. Robinson*, 76 Ala. 423; *Calhoun v. Thompson*, 56 Ala. 171; *Croswell v. Lehman, Durr & Co.*, 54 Ala. 367; 2 Kent (12th Ed.) § 567.

Taking out letters of administration after receiving the deposit did not destroy the contract of bailment under which the money was received, and the burden was upon the complainants to show that the claim of their intestate was superior to that of the bailor, Elizabeth Jackson.

But without regard to the burden of proof, we are of opinion

[Jackson, Adm'r v. Jackson.]

that the weight of the evidence is in favor of the claim of Elizabeth Jackson. No independent fact of ownership as such is proven in this case which would establish a title to the money in the estate of A. E. Jackson, deceased. The complainants' rights depend entirely upon the declarations of Elizabeth Jackson, as testified to by two witnesses, to establish their claim. Mrs. Catherine Simpson, a daughter of A. E. Jackson, testifies that the defendent told her a few days prior to the death of her father, that she had only seventy-five or a hundred dollars of her own money. It is evident from all the evidence that Mrs. Elizabeth Jackson did not wish it to be generally known that she had the money in her possession. But if this declaration of hers is to be considered of so much importance, what weight shall we give to the number of witnesses some of whom are disinterested who testify to the statements of A. E. Jackson himself, that he had no money, but his wife had money. It would be an unfair process of reasoning to hold that the notes and mortgages taken by A. E. Jackson in the name of and for the benefit of his children for money loaned, were intended and were gifts to his children, and yet not hold that notes taken by him in the same manner payable to his wife, were not intended to have the same operation as to her. But in every case in which the notes were made payable to her the evidence shows, that he not only declared the money to be hers, but the proof shows it was in her sole possession and furnished by her for the loan. This recognition that the money belonged to his wife, contined for many years before his death. One note was introduced in evidence dated Nov., 1882, for the loan of two hundred and sixty-five dollars made payable in gold to her, and it is in proof that A. E. Jackson drew this note himself and declared at the time the money belonged to his wife. It is unnecessary to refer to the testimony of each witness in detail. We think the evidence abundantly sustains the conclusion of the chancellor after giving complainant the benefit of all the exceptions to the testimony which could have been legally sustained. Ownership of property is a fact to which a witness may testify.—*Nelson v. Shelly,* 11 So. Rep. p. 696; *Knowles v. Steed, post.*

     Affirmed.