## CAMPBELL v. FARMERS' BANK OF BOYLE.

[90 South. 436. No. 22336.]

1. PARTIES. *In sublessee's suit against bank converting property under landlord's lien, nonjoinder of original landlord cannot be raised by demurrer.*

Under section 723, Code 1906 (section 506, Hemingway's Code), the nonjoinder of the original landlord in a suit by a sublessee against a bank for converting property upon which a landlord's lien exists cannot be raised by demurrer, the right of the original landlord being dependent upon contract, but must be raised by plea setting up by proper averment the necessity of such joinder.

2. LANDLORD AND TENANT. *Surety on forthcoming bond held proper defendant in suit by landlord having lien for conversion.*

Where a bank replevies warehouse receipts and, to get immediate possession, gives bond with a surety for the forthcoming of the property replevied, upon which a third person has a landlord's lien, such surety is a proper defendant in a suit by the landlord against the bank for conversion, and it is error to sustain a demurrer setting up such an alleged misjoinder.

3. LANDLORD AND TENANT. *Landlord's bill against bank for converting goods held to state cause of action.*

A bill by a landlord against a bank for converting cotton upon which there was a landlord's lien, which states that the complainant was the

landlord of a named tenant and that said tenant took the cotton upon which the lien existed and placed it in a warehouse, taking warehouse receipts therefor, and that the bank replevied the warehouse receipts, and after securing said warehouse receipts sold said cotton and converted it to its own use, and that demand had been made on the bank for said cotton or funds, which demand was refused by the bank, and that complainant does not know the amount for which the cotton sold and asking for judgment, is good against demurrer.

4. LANDLORD AND TENANT. *Landlord held not estopped from claiming lien nor to have waived same.*

An allegation in a landlord's bill to recover from a bank for conversion of the property upon which the lien exists that the tenant worked the land and gathered therefrom seven bales of cotton, ginned and stored the same in a compress, taking a warehouse receipt therefor and that thereafter the bank filed a suit in replevin for such receipts and obtained possession thereof and converted the cotton, does not show that the tenant was the agent of the landlord under the uniform warehouse receipt law (Laws, 1920, chapter 218, sections 40 and 41; Hemingway's Code, Supp. 1921, chapter 186A, sections 7957n1 and 7957o1), so as to estop the landlord from claiming his lien, nor to constitute a waiver of such lien.

APPEAL from chancery court of Bolivar county.

HON. G. EDW. WILLIAMS, Chancellor.

Bill by W. R. Campbell against the Farmers' Bank of Boyle. A demurrer to the complaint was sustained, and plaintiff appeals. Reversed and remanded.

*Shands, Elmore & Causey, R. E. Jackson* and *Geo. L. Teat,* for appellant.

*Roberts & Hallam* and *E. H. Green,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was complainant below and filed a bill against the Farmers' Bank of Boyle, a banking corporation, E. H. Green, and R. D. Maxey, alleging that on or about the 13th day of December, 1919, one L. L. Box, being a leaseholder in possession of certain property described in the bill by virtue of a leasehold term of one year and the legal possession of said lands, subleased the same to

the complainant for one year, a copy of said lease being attached to the bill; that on the —— day of January, 1920, complainant entered into a sharecropper's contract with the defendant Maxey, whereby Maxey was to work, cultivate, and farm said lands on shares for said year 1920, that is to say, Maxey would put his labor in managing and operating the farm and complainant would furnish the land, seed, stock, and implements, and at the end of the year they would divide equally between them the produce grown by said Maxey upon the lands; that Maxey entered upon and worked said land and gathered therefrom seven bales of cotton, ginned and stored the same in the Bolivar compress at Cleveland, Miss., taking the warehouse receipt of said compress therefor; that thereafter the Farmers' Bank of Boyle on December 3, 1920, filed a replevin suit in the circuit court and replevined said warehouse receipts from said Maxey, filing a replevin bond in said suit, with E. H. Green as surety thereon, said bond being for double the amount of the value of the seven bales of cotton, a copy of said bond being filed with the bill as an exhibit thereto; complainant averred that after filing said bond and suit and getting possession of said compress receipts the defendant bank sold said cotton and applied the proceeds of all of the cotton to the payment of the note owed by said Maxey to said bank. A copy of the affidavit of replevin, writ, and declaration and the note with the officer's return on the writ were filed with the bill and made exhibits thereto. It is further alleged that demand had been made upon said defendants for complainant's one-half of the proceeds of said sale of cotton, and that defendants had failed and refused to pay any part of the sum and still refused so to do; that complainant has no adequate remedy in a court of law and does not know just what amount is due him, as he is not advised as to what the cotton brought, but that defendants are indebted to him for one-half the proceeds of said sale; that he was the landlord for said year of said Maxey, and prayed for an accounting as to the proceeds of the sale of said cotton,

and for a decree against all of the defendants for the amount of one-half of the proceeds of said sale, and for general relief.

The affidavit by the Farmers' Bank of Boyle in replevin valued each bale of cotton at one hundred dollars, and alleged that the said warehouse receipts, the property of affiant, the bank, are wrongfully retained by R. D. Maxey, and that said property was wrongfully taken from complainant's actual possession within the last thirty days, and that affiant is entitled to the immediate possession thereof. There were separate demurrers to the bill by the defendant Farmers' Bank of Boyle and by the defendant E. H. Green, The grounds of demurrer by the bank were: First, that the bill failed to allege the names of the owners of the land on which the cotton grown was leased by Box, who subleased to Campbell, or that the rent for said land for 1920 had been paid by Box or Campbell to the owners of the land; second, that the bill fails to allege that the bank was not rightfully in possession of the warehouse receipts at the time said receipts were removed from the bank, in order to recover which the replevin suit mentioned in the bill was instituted; third, said bill fails to show that said bank was not, prior to the institution of the replevin suit, a *bona fide* purchaser of said warehouse receipts for value without notice, or that said receipts were not negotiated to it in due course; fourth, the bill fails to show that the cotton represented by said warehouse receipts is not yet in possession of the warehouseman, or that said receipts cannot be reached by complainant and impounded under the law; fifth, that there was no equity on the face of the bill. The grounds of the demurrer by Green were: First, there is no equity on the face of the bill; second, the bill states no cause of action against defendant; third, said bill shows this defendant is improperly joined as a defendant.

Section 723, Code of 1906 (section 506, Hemingway's Code), provides that the nonjoinder or misjoinder of the defendant in any action upon contract shall not be objected

to by a defendant on the trial of the cause, unless he gives written notice thereof with his plea, stating the name of the person alleged to be omitted or improperly joined; that if such notice is given a court may, at any time before the trial of the cause, allow an amendment. If there was any necessity for joining the original landowner, or whoever may have leased the land to Box, or of joining Box himself, in this suit, it does not appear upon the face of the declaration. In order to make it appear it would devolve upon the defendant to set forth the facts by appropriate pleading. The presumption of law would be that the party had performed his obligations, unless something to the contrary appears. There is no allegation in the bill from which we could infer that Campbell had not satisfied all demands against him, or that such demands existed. Sections 722 and 723, Code of 1906 (sections 505 and 506, Hemingway's Code), were made applicable to all courts by section 687, Code of 1906 (section 465, Hemingway's Code), unless restricted by their nature to particular courts. So, in our view, it was not necessary for the plaintiff to join as defendants or complainants in his suit the original landlord. If they should be necessary parties for the protection of the defendant, the defendant should set forth by appropriate pleadings such facts as show them to be necessary parties.

As to the defendant Green being joined in the bill, we are of the opinion that it was proper to make him a defendant. He aided the bank in securing the possession of the warehouse receipts, and without his aid or that of some other surety such possession could not have been given to the bank until the issues of the replevin suit were tried.

We think the complainant states a cause of action and that there is equity on the face of the bill. The complainant had a lien on all the crops grown upon the premises for the satisfaction of his demand against Maxey. By express terms of the statute this lien is superior to all other liens except the original landlord. This landlord's lien is superior to the rights of the purchaser of the cotton or

of the cotton warehouse receipts, whether he had notice of the landlord's interest or lien or not. It has also been decided that the landlord's remedy is not confined to the statutory proceeding of distress for rent. It is urged by the appellee that, while the landlord's lien is superior to that of the holder of the warehouse cotton receipts, still the bill failed to state a cause of action, because it failed to aver that Maxey did not have the right to place the cotton in the warehouse and take the warehouse receipts, and that if he did have such right he was the agent of the complainant for that purpose, and that under the uniform warehouse receipt law (Laws of 1920, chapter 218), sections 40 and 41 (Hemingway's Code Supp. 1921, chapter 186A, sections 7957n1 and 7957o1), are the sections especially relied upon by the appellee. We think that the bill fails to bring these sections into play. In order to present these sections it would be necessary for it to appear affirmatively on the face of the pleadings, clearly and with a high degree of certainty, that no conclusion could be reasonably drawn other than that sought to be placed upon it by the appellee. In the language of 8 Enc. Pl. & Pr. p. 10:

"The estoppel must be pleaded fully and sufficiently in all respects, and with all necessary incidents. In short, an estoppel must be certain to every intent."

As a general rule estoppel is affirmative matter, to be set up by the defendant, where by the facts relied on, which show that it would be unjust to permit the plaintiff to recover because' of such facts, and to support an estoppel *in pais*, it must be made clearly to appear that the party relied upon such facts; he must allege that the party to be estopped has been guilty of misrepresentation or conduct inconsistent with the rights which he seeks to enforce, or inconsistent with evidence which he proposes to give or the title or claim which he proposes to assert or set up.

While the allegations of the bill with reference to the placing of the cotton in the warehouse and the taking of receipts therefor are not clearly stated in favor of the

pleader, still we think the fair inference to be drawn from the bill as a whole is that the defendant Maxey did not have the right so to do, and if there are any facts warranting estoppel they should be raised by plea and not by demurrer in the present case. We think the allegations of the bill clearly show that the cotton has been sold, and it is not available to answer the demands of the complainant. It follows from what we have said that the court below erred in sustaining the demurrer, and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*