(105 So. 728)

Ex parte FARMERS' UNION WAREHOUSE CO. et al.

HOOPER v. FARMERS' UNION WAREHOUSE CO. et al.

(8 Div. 755.)

(Supreme Court of Alabama, May 7, 1925. Rehearing Denied June 25, 1925.)

Appeal and error ⬥1040(10)—Error in overruling appropriate demurrer to interpleader not affecting result was without injury.

In detinue for cotton, where defendant offered plea as interpleader, setting out facts showing no title in plaintiff, or an inferior one to defendants, setting out rival claimants, and asking that they be made parties, overruling appropriate demurrer to interpleader, if error, was without injury where result not affected.

Certiorari to Court of Appeals.

J. F. Hooper sued the Farmers' Union Warehouse Company and others in detinue, and, from a judgment for defendants, appealed to the Court of Appeals. The judgment being there reversed, the defendants Farmers' Union Warehouse Company and others now petition for certiorari to the Court of Appeals to review and revise its judgment and decision in the case styled Hooper v. Farmers' Union Warehouse Co. et al., 105 So. 725. Writ awarded, and reversed and remanded.

Orr & Killcrease, of Albertville, for petitioners.

No demurrer in pleading can be allowed, but to matters of substance, which the party demurring specifies, and no objection can be taken which is not distinctly stated in the demurrer. Code 1923, § 9479; Stoudemire v. Davis, 208 Ala. 495, 94 So. 498. If there was error in overruling demurrer to plea 7, it was without injury. Defendants were entitled to the affirmative charge. Supreme Court rule 45, 4 Code 1923, p. 895; Griffin v. Bass F. & M. Co., 135 Ala. 490, 33 So. 177; Bowling v. M. & M., 128 Ala. 556, 29 So. 584.

Street, Bradford & Street, of Guntersville, opposed.

Having surrendered possession of the cotton, defendant could not compel interpleader. 33 C. J. 450. The doctrine of error without injury cannot be applied, where over objection of plaintiff he has been forced to litigate under the general issue a defense that can only be made by special plea. Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Mobile Co. v. Ellis, 207 Ala. 109, 92 So. 106.

ANDERSON, C. J. Defendants' plea 7 is rather difficult to understand. It is somewhat of a hybrid. It sets up specifically certain facts showing that plaintiff had no title, or an inferior one, to one of the defendants, Broyles, and which said facts were provable under the general issue. It then assumes the nature of an interpleader by setting out rival claimants to the cotton and praying that they be made parties and all of whom were already parties except Amos, who subsequently voluntarily came in by counsel. We may concede that said plea 7 was subject to an appropriate demurrer, but think this a case of error without injury, even if the trial court erred in overruling the demurrer to said plea, as said error did not affect the result. As the Court of Appeals held, and rightly so, the rival claimants contested the superiority of their claim or title to the cotton. It was the one issue, and both sides introduced evidence pro and con, and the opinion of the Court of Appeals, as well as the record, especially the oral charge of the trial court, affirmatively shows that the verdict or result was reached by a determination that Broyles had the superior claim or title. This being true, the plaintiff could not have recovered against the defendant warehouse company had it remained in the case as a party defendant as it could have defeated the plaintiff's action upon the same facts that Broyles did, and under the general issue, and regardless of plea 7.

We think the petition for certiorari substantially complies with rule 44.

The writ of certiorari is awarded, the judgment of the Court of Appeals is reversed, and the cause is remanded to said court for further consideration in conformity with this opinion.

Writ awarded, and reversed and remanded.

All the Justices concur.