(107 So. 46)

FARMERS' UNION WAREHOUSE CO. v. BARNETT et al. (8 Div. 773.)

(Supreme Court of Alabama. Nov. 5, 1925. Rehearing Denied Jan. 21, 1926.)

1. **Judgment** &lt;&#61;&gt;697—Bailee who gave bailor no notice of suit could not plead judgment against it as defense to bailor's action.

Bailee who gave bailor no notice to defend title in a suit brought against it by another for goods bailed could not plead as defense to suit by bailor judgment recovered against it.

2. **Bailment** &lt;&#61;&gt;27—Bailee may yield possession of property to paramount title, and thus defend in action by bailor.

It is general rule that a bailee may yield possession of bailed property to a paramount title and defend himself in an action by the bailor by showing that title to which he yielded was in fact paramount to that of bailor.

3. **Warehousemen** &lt;&#61;&gt;25(8)—Right of bailee to show surrender of property to superior title not altered by Uniform Warehouse Receipts Acts.

Uniform Warehouse Receipts Act (Code 1923, §§ 10505, 10515, 10525, 10564) *held* not to change rule as to right of warehouseman bailee to defend action by original bailor by showing surrender of property to superior title, but, on the contrary, section 10513 recognizes such rule.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Action by J. E. Barnett and J. G. Barnett, doing business as Barnett Bros., against the Farmers' Union Warehouse Company. From a judgment for plaintiffs, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Street, Bradford & Street, of Guntersville, for appellant.

---

&lt;&#61;&gt;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

A bailee may make delivery of the bailment to a third person, whose title or right of possession is superior to the rights of the bailor. 6 C. J. 1109; Jackson v. Jackson, 97 Ala. 372, 12 So. 437; Young v. East Ala. R. Co., 80 Ala. 100; Hooper v. Farmers' Union Warehouse Co., 213 Ala. 448, 105 So. 728. The rule has not been changed by the Uniform Warehouseman's Act. Code 1923, §§ 10513, 10514. It is not necessary to avail of the defense stated that notice be given to the bailor. Powell v. Robinson, 76 Ala. 423.

Thos. E. Orr, of Albertville, for appellees.

The common-law defense is changed by the statutes. It is not essential that the receipt be negotiated in order for the statute to apply. Code 1923, §§ 10522–10525, 10531.

GARDNER, J. In November, 1920, three bales of cotton were deposited in the Farmers' Union Warehouse Company for and on account of Barnett Bros., a partnership composed of J. E. Barnett and J. G. Barnett, for which negotiable receipts were issued and held and owned by said Barnett Bros. Some time thereafter Roberts, Luther & Co., claiming the cotton, entered suit in detinue against the warehouse company (to so designate it for brevity) and recovered a judgment therefor. The warehouse company made no resistance to the suit, nor was notice thereof given to Barnett Bros. Barnett Bros. subsequently brought this suit against the warehouse company to recover damages for the loss of this cotton. From a judgment in their favor the defendant has prosecuted this appeal.

[1] The relationship existing between Barnett Bros. and the warehouse company was that of a bailor and bailee. Upon the suit being brought by Roberts, Luther & Co., to plead any judgment recovered as a defense to the action brought by the bailor, the bailee should have given notice thereof to the bailor that the title of the bailor be defended. Such notice, however, was not given, and the judgment recovered by Roberts, Luther & Co. constituted no defense to the suit. Powell v. Robinson, 76 Ala. 423. But the warehouse company sought to defend by showing a superior title in Roberts, Luther & Co.

"The general rule is that the bailee is not permitted to set up a justertii or title of a third person in himself. But when the bailor had no valid title, the bailee may on demand deliver the goods bailed to the rightful owner, and this would be a good defense to an action brought by the bailor, the onus being on the bailee to establish the defense." Jackson v. Jackson, 97 Ala. 372, 12 So. 437.

"The reason of this rule is, that the bailee of the goods can be in no better situation than the bailor from whom he received them, and the true owner, or other person entitled to their custody and having a special property in them, can sue either the bailor or bailee, and recover from them. And no man shall be rebuked by the law for doing what the law would compel him to do." Young v. East Ala. Ry. Co., 80 Ala. 100.

See, also, 6 Corpus Juris, 1109; Ex parte Farmers' Union W. H. Co. (Hooper v. Farmers' Union W. H.) 213 Ala. 448, 105 So. 728.

[2] It is not questioned by counsel for appellee that under this general rule of law recognized in this state, and by the authorities generally, the bailee may yield possession of the property to a paramount title, and thus defend himself in an action by the bailor, assuming of course the burden of showing that the title to which he yielded was in fact paramount to that of the bailor. But it is insisted this rule has been changed by the provisions of sections 10505–10564, Code of 1923, known as the Uniform Warehouse Receipts Act, especially where negotiable receipts have been issued.

The recent case by the Mississippi court of Love v. People's Compress Co., 137 Miss. 622, 102 So. 275, cited by counsel for appellee, dealt with the provisions of the statute of that state corresponding with section 10531, Code 1923, and in a case where the receipts had been negotiated and were held by a purchaser in good faith. The above-cited section, however, and the Mississippi authority are not here applicable.

The receipts have not been negotiated, but are held by the original owners who were the bailors. Nor does the defense here attempted to be interposed bear relation to the suit brought or judgment obtained by Roberts, Luther & Co. So far as this defense is concerned that suit may be ignored. The defense rests upon the common-law right of the bailee to yield to a paramount title, the bailee assuming the burden of proof. There are certain provisions found in the statute for the protection of bona fide purchasers of these negotiable receipts, but with these we are not here concerned, as no such situation is here presented.

[3] The sole question now for consideration relates to the right of the bailee as against a suit by the bailor to show that the property was delivered to one possessing a paramount title. Our decision is thus confined by the facts of this case. We do not find any provision in the Uniform Warehouse Receipt Statute, above noted, that changes the general rule as to the right of the bailee to interpose this defense, as against an action by the bailor when the rights of the original parties only are involved. We express no opinion as to any different state of facts or circumstances. The record is incumbered by much pleading, and there are many assignments of error, though we have herein treated the only question of major importance on this appeal. The rulings of the court upon this question are presented in various ways unnecessary here to enumerate. Confessedly these rulings inhibited the defense herein considered, which was sought to be interposed. In this the court committed error, for which the judgment must be reversed. It is so ordered.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.

## On Rehearing.

GARDNER, J. Upon application for reconsideration of this cause, counsel for appellee earnestly insists that the statutory provision of the Uniform Warehouse Receipts Act, above noted, was intended to and did change the previously existing rule as to the right of the warehousemen to defend in an action by the original bailor by showing that he surrendered the property to a superior title. Particular stress is laid upon section 10525, Code of 1923, but that section contains exceptions, one of which is the exception as to section 10513, wherein it is provided that—

"A warehouseman is justified in delivering the goods, subject to the provisions of the three following sections, to one who is—(1) The person lawfully entitled to the possession of the goods, or his agent."

Clearly no change as to the former rule could be inferred from such language, but rather a recognition thereof. The argument of counsel, reduced to its last analysis, seems to be that the warehouseman is liable in any and every case where delivery is made without a production of the receipt, regardless whether the receipt is negotiable, or, if so, whether or not it has in fact been negotiated. But the statute does not so provide, and if so intended, it would have been a simple matter to have been so expressed. Such was the language of the statute dealt with by the New Jersey court in Wheeler & Wilson Mfg. Co. v. Brookfield, 70 N. J. Law, 703, 58 A. 352, cited in note to 40 Cyc. p. 443. The holding in conformity with the rule is still generally recognized by the authorities. 40 Cyc. 442, 443; 27 R. C. L. 983.

Our attention has not been directed to any authority construing a similar statute to the contrary of this holding, and we do not think the legislative intent was to work a change in the rule in a case as here presented. Indeed, the lawmaking body deemed it necessary to specifically provide for liability of the warehousemen for delivery of the goods without taking up the receipt therefor, when such receipt had been negotiated to a purchaser in good faith. Section 10515, Code 1923.

The above-noted statute and its various provisions were duly considered upon original consideration of this cause, though not discussed in detail. We entertain the view that the language used did not justify the conclusion that a change was intended as to the rule of law in this particular character of case.

In response to the earnest argument of counsel for appellee, we have again examined the provision of the statute, and find no reason for a contrary opinion.

The application for rehearing is denied.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.