PEARSON, TILLMAN, Judge.
Stanley Haves, the appellant, was the plaintiff in the trial court. He presents for our determination the following:
“Where a nonnegotiable warehouse receipt expressly provides that the goods described therein shall not be delivered or transferred except upon receipt by the warehouseman of complete instructions properly signed by the storer, has the warehouseman any authority to transfer said goods or said receipt without any instructions ‘signed by the storer,’ to a person other than the storer named therein * * *?”
The appellant and the appellee agree upon the history of the case. Haves, a lawyer, brought suit against the defendant, appellee here, John Mercer Terminal Warehouse Co., seeking recovery for the value of goods described in a non-negotiable warehouse receipt, issued in his name. The defendant answered, and the case was tried without a jury. The trial judge entered his findings of fact and a judgment for the defendant, and this appeal followed.
There being no further agreement between the parties to this appeal in the statement of the case, we make the following observations from the record. The complaint did not allege the nature of plaintiff’s claimed interest in the goods stored, but relied upon: (1) the issuance of the receipt; (2) the fact that the plaintiff “never conveyed, transferred, or assigned for consideration the said non-negotiable warehouse receipt”, and (3) the defendant’s failure to deliver the goods to plaintiff upon demand.
The answer admitted the issuance of the receipt and presented affirmative defenses, two of which are as follows :
“4. The Defendant denies that the Plaintiff at any time had any interest in the merchandise described in the said receipt. Said merchandise belonged to Sidney Goldberg and was stored by *414 this Defendant at his request. At the request of said Sidney Goldberg, the the warehouse receipt was issued in the name of Stanley Haves and delivered to the said Sidney Goldberg. Thereafter, Sidney Goldberg returned the original receipt to this Defendant with ■the request that same be voided and a new receipt issued in the name of the Metropolitan Bank of Miami.
******
"6. This Defendant avers that it ■delivered the goods described in the warehouse receipt to the person lawfully entitled to the possession thereof.”
At the conclusion of the trial, the judge made his findings:
“STANLEY HAVES, as Plaintiff, sued JOHN MERCER TERMINAL WAREHOUSE CO., a corporation, as Defendant, claiming damages against it as the result of the issuance of a warehouse receipt by the Defendant to the Plaintiff covering certain merchandise owned by Sidney Goldberg.
“On September 9, 1960, SIDNEY GOLDBERG, having deposited certain merchandise with the Defendant, procured the issuance of the warehouse receipt, No. A-15096, upon the said merchandise, in the name of STANLEY HAVES. This receipt was delivered to SIDNEY GOLDBERG. The receipt is in evidence as Plaintiff’s Exhibit 1.
“On October 3, 1960, SIDNEY GOLDBERG, in person, returned the described warehouse receipt to the defendant, asking that it be voided and that a new receipt be issued to the Metropolitan Bank of Miami covering the same merchandise. A new receipt was issued to the Metropolitan Bank of Miami on October 3, 1960 and delivered to SIDNEY GOLDBERG who in turn delivered it to the Metropolitan Bank of Miami.
“On September 29, 1960, SIDNEY GOLDBERG executed a note to STANLEY HAVES due November 29, 1960. This note is in evidence. It has no stamps on it and makes no reference to the warehouse receipt as collateral thereto.
“The evidence is that the receipt in question was in possession of the Plaintiff ‘for a few days.’ The manifest weight of the evidence is that it was redelivered to GOLDBERG ‘to do with as he pleased’ and that such delivery made GOLDBERG the agent of HAVES with authority to surrender the receipt.
“HAVES did not require GOLDBERG to redeliver the receipt to him and made no demand upon the warehouse respecting the merchandise until April 3, 1961, which was six months after the receipt had been surrendered to the Defendant and a new receipt issued to the bank.
“On April 10, 1961, GOLDBERG gave the warehouse a sworn Affidavit that he had borrowed no money from the Plaintiff on the merchandise or warehouse receipt in question. This Affidavit is in evidence. He also testified to this fact on the trial of the case.
The receipt having been surrendered and the merchandise covered thereby, being the property of GOLDBERG, he, GOLDBERG, had the right to obtain the issuance of a new receipt in the name of the Metropolitan Bank of Miami acting either as agent for HAVES (under Chapter 678.09 F.S.A.) or in his own right.
“CONCLUSIONS OF LAW
“That SIDNEY GOLDBERG was the agent of STANLEY HAVES within the contemplation of 678.09 F.S.A. and, therefore, the Defendant warehouse acted lawfully under circum *415 stances in cancelling the warehouse receipt issued to STANLEY HAVES and issuing a new receipt covering the same merchandise to the Metropolitan Bank of Miami.”
It will be observed from the sole point on appeal, which is quoted above, that the appellant does not challenge the sufficiency of the evidence to support the findings of fact, but urges that because of these facts the defendant, warehouseman, is liable. Appellant relies upon the claimed breach by the warehouseman of his contract (contained in the receipt) not to deliver the goods except upon instructions signed by the storer.
We think that the receipt is subject to two provisions of Chapter 678, Fla.Stat., F.S.A. titled “Warehousemen and Warehouse Receipts.”[1] “They are:
“678.09 Justification of warehouseman in delivery.—
“A warehouseman is justified in delivering the goods, subject to the provisions of the three following sections, to one who is—
“(1) The person lawfully entitled to the possession of the goods, or his agent.”
and
“678.03 Form of receipts; what terms may be inserted.- — ■
“A warehouseman may insert in a receipt, issued by him, any other terms and conditions, provided that such terms and conditions shall not—
“(1) Be contrary to the provisions of this chapter.”
The section first quoted justifies delivery to the agent of the person lawfully entitled to possession of the goods. The section last quoted specifically prohibits a warehouse receipt from containing a provision contrary to the Act. If the provision of the receipt in question were interpreted as denying the warehouseman the right to deliver goods to “the person lawfully entitled to the possession of the goods, or his agent”, it would be contrary to the Act and therefore void. We conclude that the receipt did not prohibit delivery to Goldberg because the trier of fact found that Goldberg was both the person lawfully entitled to possession and the agent of the plaintiff, Haves.[2]
Affirmed.

. Uniform Warehouse Receipts Act.

. Cf., Cundill v. Lewis, 245 N.Y. 383, 157 N.E. 502 (1927), involving legal justification in delivering to a depositor; and Farmers’ Union Warehouse Co. v. Barnett, 214 Ala. 202, 107 So. 46 (1926), involving delivery by a warehouseman to the holder of a title paramount to that of the depositor.