WIENER, et al. *v.* PIERCE, et al.

No. 43506 October 11, 1965 178 So. 2d 869

*John H. Stennis, Watkins, Pyle, Edwards & Ludlam,*
Jackson, for appellant.

*Edward L. Cates,* Jackson, for appellee.

INZER, J.

This is an appeal by William B. Wiener and others from a decree of the Chancery Court of the First Judicial District of Hinds County, wherein the chancellor sustained two special demurrers to the amended bill of complaint. Appellants refused to amend, and a decree was entered finally dismissing the suit.

The record shows that appellants brought this suit for specific performance of a contract alleged to have been entered into by and between the complainants and

defendants relative to the property located at 500 Woodrow Wilson Avenue in the City of Jackson. The amended bill charges that appellee Pierce has violated the terms and conditions of the contract, refuses to abide by its terms, and is threatening further violations. The prayer of the amended bill is that Pierce be required to specifically perform the contract, and that he be required so to do by the injunctive process of the court. The complainants also seek to recover interest and attorneys' fees.

 █ Pierce interposed four special demurrers to the amended bill of complaint. The demurrers involved on this appeal are the demurrers numbered 2 and 3. These demurrers were sustained by the chancellor. Special demurrer number 2 set up that there had been a nonjoinder of parties defendant in that eight persons who were signatory to the original contract were not made parties defendant and that they were necessary parties. Special demurrer number 3 was directed only to that portion of the amended bill of complaint that sought to charge Pierce with interest at one percent per month and attorneys' fees for the failure to pay an assessment made against him for maintenance of the common property. After these two demurrers were sustained, the complainants refused to amend, and a decree was entered finally dismissing the suit at the cost of complainants. This dismissal appears to be a dismissal with prejudice. If it was so intended, this was error. The proper judgment under these circumstances would be a dismissal without prejudice. Griffith, Mississippi Chancery Practice § 311 (2d ed. 1950).

The question we must determine here is whether the chancellor was correct in sustaining these two demurrers. Much has been said in the briefs relative to the question of whether this contract is a covenant running with the land. Under our view of this case, we do not deem it necessary to determine whether the contract is a covenant running with the land. There is no doubt that the

suit is an action based upon a contract. This being true, appellee could not properly raise the nonjoinder of parties by a special demurrer in view of Mississippi Code Annotated section 1458 (1956), which provides:

The nonjoinder or misjoinder of a defendant in any action upon contract shall not be objected to by a defendant on the trial of the cause unless he give written notice thereof with his plea, stating the name of the person alleged to be omitted or improperly joined; and upon such notice being given, the court or judge, at any time before the trial of the cause, may allow an amendment to the pleading so as to obviate the objection, upon such terms as may be proper.

 We held in the case of Campbell v. Farmers' Bank, 127 Miss. 668, 90 So. 436 (1921), that this section is applicable to chancery court proceedings. We also held in the case of Aven v. Singleton, 132 Miss. 256, 96 So. 165 (1923), that in an action on a contract nonjoinder or misjoinder of defendants could not be raised by a special demurrer. To the same effect is State Farm Mut. Auto. Ins. Co. v. McKay, 209 Miss. 706, 48 So. 2d 349 (1950). The law is that in an action on a contract either in circuit or chancery court the nonjoinder or misjoinder of defendants cannot be raised by a special demurrer but must be raised by a plea as required by the statute. It is therefore apparent that the chancellor was in error in sustaining special demurrer number 2.

 We hold that the chancellor was correct in sustaining special demurrer number 3. The contract sued upon did not authorize or empower the majority of the landowners to impose interest or penalties upon any member who did not pay the assessment authorized for the maintenance of the common property. The resolution which was passed by a majority of the members amounts to an amendment of the original contract. This could not be done except by agreement of all the parties in

interest, including Pierce. ▮▮ The fact that this demurrer was properly sustained did not justify a dismissal of the suit. The decree sustaining this demurrer should have precisely designated that part of the amended bill to which it was sustained. When this is done it does not amount to a dismissal of the suit, but eliminates only this feature of the suit. Griffith, Mississippi Chancery Practice § 312 (2d ed. 1950).

For the reason stated, this case must be reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

*Lee, C. J., and Jones, Brady and Smith, JJ.,* concur.