# Home Ice Factory *v.* Howells Mining Company.

### *Assumpsit.*

#### (Decided Dec. 17, 1908.　48 South. 117.)

1. *Sales; Contract; Performance; Liability for Price.*—Where one buys and uses coal of a designated quality he cannot resist payment of the purchase price, unless it is shown that the coal is valueless.

2. *Same; Performance by Seller; Quality of Goods.*—The evidence in this case stated and examined and held not sufficient to show that the quality of the coal delivered was not in accordance with the contract.

3. *Same; Contract; Performance; Price.*—Unless the coal was valueless the fact that the coal was not of a designated quality could not defeat the seller's right to recover where the buyer kept the coal and used it without a rescission of the contract, although it might abate the price.

4. *Evidence; Relevancy; Condition of Property.*—Where the quality of the coal was an issue; it was competent to show the quality of exactly the same kind of coal, though not a part of the coal involved.

5. *Same; Admissions; Corporate Officers.*—Admissions by the president and general manager of a corporation made subsequent to the negotiation for the sale are binding on the corporation.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action of assumpsit by the Howells Mining Company against the Home Ice Factory. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The complaint was in the common counts. The pleas were: (1) The general issue. (2) That plaintiff agreed to ship defendant the best quality of coal, but instead of doing so it shipped such an inferior grade of coal that the cost of transportation from the mines to the plant of defendant was greater than the full value of the coal, and that defendant had to pay the costs of transportation. (3) That defendant ordered from plaintiff the best grade of coal at the price of $1.50 per ton at the mines, all transportation expenses to be paid by defendant, and that, instead of sending the kind and quality ordered, the defendant sent a grade of coal of such an inferior quality that it was not worth more than the expense of transportation, which was paid by defendant, and that after receiving the coal and attempting to use it defendant notified plaintiff not to ship any more of said coal, whereupon plaintiff told defendant that the last car had already been shipped out, and asked defendant to make the best possible use of said coal, and that defendant did thereafter use said coal, but the inferior quality of the coal made it impossible to burn it without loss, except by mixing it with coal of superior quality. The evidence showed that the coal shipped was the run of mine coal, that it was shipped as ordered, and was kept by defendant. The other testimony sufficiently appears in the opinion. The charge given at the request of plaintiff is as follows: "The court charges the jury that if they believe from the evidence that run of mine coal is not the best quality of coal, and if they further believe from the evidence that defendant bought run of mine coal, then they must find for the plaintiff."

[Home Ice Factory v. Howells Mining Company.]

JOHN W. MCALPINE, for appellant. The court erred in not permitting it to be shown that the coal delivered to others was similar coal and its value for steam purposes.—*Johnson, et al. v. West, et al.*, 43 Ala. 689; 7 Current Law, p. 1525. Counsel discusses other assignments of error as to evidence, but without citation of authority.

ERWIN & MCALEER, for appellees. Counsel discuss assignments of error but without citation of authorities.

ANDERSON, J.—The charge given by the court at the plaintiff's request merely met the defendant's special pleas, and instructed a finding for the plaintiff if the defendant bought "run of the mine coal," notwithstanding it may not have been the best quality of coal, as set up in the said special pleas. If the defendant bought "run of the mine coal," and received and kept it, he could not resist the payment of the entire purchase price, unless the coal was valueless; and there was no evidence that it was valueless. One witness testified that it was no better than "horse manure" for fuel, and that he would not give 10 cents for it, yet this evidence did not show that it was valueless. It is true one witness testified that it was not "run of the mine coal;" but the defendant kept it, and did not rescind the contract, and this fact could only abate the purchase price, and not defeat the plaintiff's right to recover, unless the coal received and kept was valueless, which fact was not proven. 4 Mayfield's Dig. p. 769, § 503. The charge did not ask a finding for any definite sum, simply instructed a verdict for the plaintiff under the facts hypothesized, and the trial court did not commit reversible error in giving same

The quality of the coal was an issue in the case, and the witness Boseman had testified as to the coal used by him for the Pure Milk Company, some of which was

[Home Ice Factory v. Howells Mining Company.]

returned to the defendant. It is true this was not a part of the coal involved; but, if it was exactly the same kind of coal, the defendant should have been permitted to prove this fact, as this proof would have rendered the testimony of Boseman of some value as to quality, etc. The trial court erred in not permitting the defendant to prove this fact by the witness French.

The defendant had the right to prove the special pleas, which were not questioned by demurrer, and had the right to prove any conversation with Howell, the president and general manager of the plaintiff, wherein he may have acknowledged getting an order not to ship the coal, and explaining why he shipped it, and whether or not he looked to the defendant to pay the contract price, as averred in the third plea. Howell was shown to be the president and general manager of the defendant— the defendant's alter ego, as distinguished from a mere agent; and any declarations or admissions made by him, relating to the subject-matter of the controversy, would be binding on the defendant, although subsequent to the negotiations.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.