*(75 South. 461)

LUVERNE LAND CO. et al. v. BANK OF LU-VERNE. (4 Div. 645.)

(Supreme Court of Alabama. April 20, 1917. Rehearing Denied May 24, 1917.)

1. MORTGAGES ⬥121 — MORTGAGE DEBT — SUBSEQUENT ITEMS.
    Where a mortgage, the debt being the joint and several debt of several mortgagors, was given to secure a stated amount and any other advances, or liabilities to the owner or holder, items evidenced by notes executed after execution of the mortgage by some of the mortgagors were properly included as part of the mortgage indebtedness in the report of the special register on reference in the mortgagor's suit to enjoin sale on foreclosure.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 237–241.]

2. MORTGAGES ⬥469—AMOUNT OF INDEBTEDNESS—SUFFICIENCY OF EVIDENCE.
    In suit against a bank to enjoin the sale of property on foreclosure, testimony of the bank's assistant cashier held to support the register's finding as to the amount of indebtedness.
    [Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1376–1381.]

3. APPEAL AND ERROR ⬥1017 — REVIEW — FINDING OF REGISTER.
    On appeal in suit to enjoin sale of mortgaged property on foreclosure, a finding of the register will not be disturbed unless plainly wrong.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3911, 3961, 3996–4005.]

Appeal from Chancery Court, Crenshaw County; O. S. Lewis, Chancellor.

Suit by the Luverne Land Company and others against the Bank of Luverne. From the decree, complainants appeal. Affirmed.

The bill in this case was filed by the Luverne Land Company, a corporation, Folmar Mercantile Company, a corporation, and George A. Folmar, T. R. Folmar, and Eva Folmar, against the Bank of Luverne, appellee, for the purpose of enjoining the sale of certain property described in the mortgage executed by the appellants to the appellee on April 24, 1909, for $2,018.76; the appellants alleging in their said bill that the mortgage debt had been paid and discharged. The appellee answered the bill, denying that payment had been made in full, and alleging that there was still a balance due on said mortgage. The cause was duly submitted upon the motion of the appellants to the special register as suggested by them. In due time said special register held his reference in said cause, and on January 10, 1916, filed his report on said reference wherein he held and decided that the appellants were due a balance on said mortgage of $441.92. On January 20, 1916, appellants filed exceptions to the report of said register, which exceptions, after due consideration, were overruled, and the report of the register finding said sum of $441.92 was confirmed by the court. From this decree, complainants prosecute this appeal.

W. A. Gunter, of Montgomery, for appellants. Frank B. Bricken, of Luverne, for appellee.

GARDNER, J. It is the first insistence of counsel for appellants that the statement of the account between the mortgagors and the mortgagee, as found in the report of the special register on reference, is incorrect, in that the same includes the following items of indebtedness: $50, $160, and $1.50—which items formed no part of the mortgage indebtedness. These several items were evidenced by notes as follows: One for $50, signed by T. R. Folmar and George A. Folmar; another, for $160, executed by George A. Folmar and S. E. Folmar; and the third, for $1.50, executed by George A. Folmar. Each of these was executed after the execution of the mortgage of April 24, 1909. The said mortgage of April 24, 1909, was executed by the Luverne Land Company, Folmar Mercantile Company, George A. Folmar, T. R. Folmar, and Eva Folmar; and, so far as here appears, the said mortgage debt was the joint and several debt of each of the said mortgagors. The said mortgage, as shown by its recitals, was given to secure the amount stated, $2,018.76, "and any other advances, indebtedness, or liabilities to the owner or holder thereof."

[1] It therefore seems clear that these items were properly included as a part of the mortgage indebtedness.

It is next very strenuously insisted that the proper credit was not given for an item of $495.40. It seems that George A. Folmar, one of the mortgagors, and who was general manager of the Luverne Land Company and also of the Folmar Mercantile Company, had a checking account with the mortgagee. It was he, in fact, that negotiated the business transaction here involved. He insists that at the time of the execution of the mortgage in question, after the payment of his indebtedness to the bank, there was left to his credit the said sum of $495.40, it being the surplus of discount not taken up by said past indebtedness, and being properly passed to his credit; and that this sum has never been subsequently checked out by him.

J. T. Ivey, who was assistant cashier of the Bank of Luverne, and who seems to have acted largely for the bank in the details of this transaction, testified for the respondent; and he and Mr. Folmar were the only witnesses examined in the cause. The witness Ivey insists that, at the time of the execution of the mortgage here involved, Folmar was indebted to the bank on an old note for $1,-245.51, and on interest account for $158.95, and on a draft in favor of one Gibson for $118.90, in addition to the sum of $495.40 constituting the item here in dispute. He insists that this last item did not represent a surplus deposit in favor of said Folmar, but was merely covering an overdraft of that amount, and that therefore it was not subject to check. He testified that, as a matter of fact, Folmar had gotten the $495.40 prior to the execution of the mortgage of April 24, 1909—which he explained in the following manner: That Folmar, prior to April 24th, had to his credit in the Bank of Luverne $1,-525, and deposited $4.60 additional; that he was due the Merchants' & Planters' Bank the sum of $2,000, which he desired the Bank of Luverne to pay; that one Rushton, who, it seems, was connected with the bank, and with whom consultation was to be had in reference to the matter, was confined to his home by sickness, and witness and Folmar went there to see him in regard to taking up this indebtedness, and it was so agreed; that Folmar gave his check to the Merchants' & Planters' Bank for $2,000, which check was duly cashed by the Bank of Luverne; that the sum of $495.40 was carried as a cash item until the mortgage was drawn, and was credited at the bank to said Folmar; that therefore the said item of $495.40 represented a part of the money that went to pay the $2,000 check to the Merchants' & Planters' Bank, and the deposit of said sum to the credit of said Folmar, of date April 24, 1909, merely took care of said overdraft, and so did not represent any surplus money; that therefore the mortgage of April 24, 1909, secured past-due indebtedness only.

Statements of accounts between the parties were introduced by both the complainants and the respondent, as exhibits to the testimony of the respective witnesses. A reference was held by the register, upon oral testimony, and his conclusion of indebtedness and the amount thereof was confirmed by the court.

[2, 3] If the testimony of the witness Ivey is to be accepted as representing the true state of the account, it is clear that it fully supports the finding of the register; and, under the rule long established in this court, his conclusion will not be disturbed unless plainly wrong.

It would serve no good purpose to discuss the evidence in detail. Suffice it to say the same has been very carefully considered, and that we are unwilling to predicate a reversal upon the register's finding of the facts. We therefore conclude that the decree of the court below, overruling the exceptions to the register's report, is free from error, and it is, accordingly, affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.