(127 So. 186)

## GUARANTY SAV. BLDG. & LOAN ASS'N v. RUSSELL.

### 6 Div. 495.

Supreme Court of Alabama.
Jan. 16, 1930.

Rehearing Denied April 3, 1930.

Bowers & Dixon, of Birmingham, for appellant.

T. A. Murphree and T. J. Lamar, both of Birmingham, for appellee.

a house, the parties referring to the transaction as 'a "construction loan.". The loan was made and mortgage executed on the property as security, which was duly recorded. Slaughter became indebted also to the Estes Lumber Company, and upon completion of the building made application to the Guaranty Savings Building & Loan Association (hereinafter referred to as the Loan Company) for a loan on the property presumably sufficient to pay off all claims thereon. The title was found satisfactory and the loan made, a mortgage being executed on the property as security. The abstract of title disclosed the Russell mortgage on record in the sum of twelve hundred dollars. The Loan Company made no inquiry of Mrs. Russell or her agent as to the amount due thereon, but assumed, as above indicated, that the amount secured was only twelve hundred dollars and, after paying out all 'other claims, reserved this amount for Mrs. Russell as in full satisfaction of her mortgage. Upon being notified to this effect, she declined to accept the same and filed the bill in this cause for a foreclosure, to which the Loan Company was made a party defendant. The decree was in Mrs. Russell's favor, and the Loan Company appeals.

Appellant insists that enlargement of the sum secured by complainant's mortgage must rest upon a parol agreement between Mrs. Russell and Slaughter, the mortgagor, and that this is not permissible under the following authorities. 41 Corpus Juris, 563; Edwards v. Dwight, 68 Ala. 389; McWhorter v. Tyson, 203 Ala. 509, 83 So. 330; Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237; § 6887, Code 1923.

We are persuaded, however, that the conclusion of the chancellor rested upon other and different considerations. True, the sum named 'in the Russell mortgage was twelve hundred dollars, but there were other stipulations of importance. The mortgagor was to pay "all taxes, liens and other charges" against the property, and in the event of failure to do so the mortgagee was authorized to pay the same. There was a like stipulation as to insurance, and the mortgage provided that all amounts so expended by the mortgagee should be refunded by the mortgagor, and the "mortgage * * * stands as security therefor." These stipulations are not to be ignored. Confessedly, had the mortgagee paid insurance on the property (the mortgagor failing in this respect), the amount so expended should properly be added as a part of the indebtedness for which the mortgage was given as security. A like result would of course follow as to taxes. But the discharge of "liens" is provided for equally with taxes and insurance and mentioned in the same connection. It must logically follow, therefore, that sums so expended, as to

GARDNER, J.

One Slaughter applied to appellee, Annie Keith Russell, for money with which to build

**34**

liens, stand on the same basis as those for taxes and insurance. In the interpretation of the language used, we can see no ground for distinction. The loan was to be used in construction of a house and, while the original sum advanced was only twelve hundred dollars, it appears as the work progressed Slaughter found himself in need of additional sums for labor and material, which were advanced as application therefor was made, such further loans aggregating twelve hundred dollars. The greater portion of this sum was in payment of labor on the house, and was advanced after the indebtedness therefor had accrued. This was prior to any application for a loan by Slaughter to the Loan Company. That these sums so advanced were in payment for labor and material, indebtedness for which had accrued, for the house then in course of construction, is without dispute. Under our statute (§§ 8832, 8833, Code 1923), these claims for labor and material constituted liens upon the property, inchoate and defeasible, it is true, but liens nevertheless capable of completion and enforcement as provided by the statute. Jackson v. Farley, 212 Ala. 594, 103 So. 882; Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90; Young v. Stoutz & Co., 74 Ala. 574; Le Grand v. Hubbard, 216 Ala. 164, 112 So. 826.

Although these liens were inchoate only, yet they were capable of perfection, and it seems clear their completion and enforcement may well be anticipated by the parties. These claims, therefore, come within the terms of the mortgage, the payment of which is secured thereby, as much as would insurance premiums and taxes. It is a well-recognized principle that notice of facts which ought to excite inquiry and which, if pursued, would lead to knowledge of other facts, operates as notice thereof. Figh v. Taber, 203 Ala. 253, 82 So. 495; Dixie Grain Co. v. Quinn, 181 Ala. 208, 61 So. 886.

The registration of this mortgage was constructive notice of the stipulations above discussed. Monroe v. Hamilton, 60 Ala. 226; Figh v. Taber, supra. But the Loan Company had actual notice of this mortgage and knew also the house was newly constructed, and evidently it was originally intended that all claims be paid. A due consideration of these stipulations for payment of taxes, insurance, and liens would have suggested inquiry of the mortgagee as to the amount actually secured by the mortgage. The mortgagee was not notified until after the completion of the loan. When requested to accept the twelve hundred dollars, she promptly gave information of the amount claimed to be due.

It may be conceded that in most instances when future advances are contemplated that the stipulation is found in connection with a statement of the consideration, as in Luverne Land Co. v. Bank of Luverne, 200 Ala. 85, 75 So. 461, and a statement elsewhere may mislead. But the character of the terms herein discussed are also very generally found, and they are clearly pertinent to the execution of the mortgage. Such being the case the subsequent purchaser or mortgagee is given constructive notice thereof by the record, which should excite inquiry and lead to a knowledge of the facts. A condition of the mortgage is not only for the payment of the principal note, but also "for all sums expended by the mortgagee for taxes, liens, charges and insurance." It would not be contended that expenditures for taxes and insurance were not included under the mortgage security. But "liens" are mentioned in the same connection and we see no escape from the conclusion that the payments in discharge thereof by the mortgagee, as in the instant case, constitute sums likewise secured by the mortgage. The logic of the situation, it appears to us, leads clearly to this conclusion.

The decree of the trial court is in accord with this view, and will be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.