(137 So. 176)

# FARMERS' UNION WAREHOUSE CO. v. BARNETT BROS.

8 Div. 312.

Supreme Court of Alabama.

Oct. 15, 1931.

436

Thos. E. Orr, of Albertville, for appellees.

Street, Bradford & Street, of Guntersville, for appellant.

FOSTER, J.

This is the third appeal in this case. The first two are reported in 214 Ala. 202, 107 So. 46; 22 Ala. App. 524, 116 So. 810, certiorari 218 Ala. 165, 118 So. 286. We refer to them for a statement of the nature of suit and the issues.

Appellant now complains of an alleged error in allowing plaintiff to testify that J. M. Davis told him that he had notice of plaintiff's mortgage at the time he took the mortgage to Roberts, Luther & Co. The controlling issue in the case was the one of fact thus indicated. Plaintiff's mortgage was recorded the same day on which that of Roberts, Luther & Co. was taken, but there was no evidence that it was recorded before the execution of the later one.

The ground of objection did not, as now argued, go on the fact that such declaration was but the narration of a past transaction by an agent of Roberts, Luther & Co., not then engaged in the business of the principal relating to that business. But the objection was grounded on its relation to this appellant. The whole tenor of the trial indicated that Davis was, as is claimed in brief by appellee, the general manager of Roberts, Luther & Co., though we do not find any direct statement to that effect. His testimony throughout speaks of the business of this company in the first person. Without any exception being noted, the court charged the jury that the question was controlled by the fact, vel non, of notice to Davis, and that, if he had notice, plaintiff would be entitled to recover. Appellant cannot now take the position that Davis was but an agent, when his objection was not thus predicated. For, if it had been, appellee would have had the privilege of showing the relation of Davis to the company. As respects the company, a general manager is its alter ego, and his admissions are as made with due authority. Home Ice Factory v. Howells Mining Co., 157 Ala. 603, 48 So. 117; Sheip v. Baer, 210 Ala. 231, 97 So. 698; Modern Order of Praetorians v. Childs, 214 Ala. 403, 108 So. 23.

It has been noted on the former appeals that the defense in this case is predicated upon the right of a warehouseman to deliver the stored articles to another than the bailor, if such other has title and right superior to that of the bailor, but that, because the warehouseman did not notify the bailor of the pendency of a suit by such other for the recovery of the property, the burden is upon the warehouseman to show the superiority of the right of the third person to whom it was delivered in response to a judgment in his favor.

Such being the facts of this case, the burden was upon appellant to show that the right and title of Roberts, Luther & Co. was superior to that of plaintiff. A prima facie showing to that effect resulted from the mortgage for value to Roberts, Luther & Co., executed on the day of the record of that to plaintiff. The duty was then upon plaintiff to show notice to Roberts, Luther & Co. by some other proof. The proof offered as to that was of an admission by Davis, and the only question presented by the objections is the admissibility of such evidence as against this appellant.

Appellant asserted no independent right to or interest in the property as against plaintiff. It is estopped to show an outstanding title, unless it has recognized it and delivered the property to its holder. When that is done, the question is the title of such third person, and not that of defendant. Defendant thereby merely stands in the shoes of such other title holder. Before a surrender of the property it could cause an interpleader between the adverse claimants. Section 10524, Code. But, by not doing so, the right of the bailor to discredit the title of such third person could not be curtailed, nor should the nature of the evidence be different. To all intents and purposes, the controversy is the same as though the parties were the bailor and the third party, claimant, who is the person really interested adversely to plaintiff. There is a well-settled rule that admissions made by the real persons in interest in a suit are admissible as though they were parties on the record. 1 Greenleaf on Ev. § 180; 2 Jones on Ev. § 905, p. 1660, § 906, p. 1663; Bowen v. Snell, 11 Ala. 379; McLemore v. Nuckolls, 37 Ala. 662; 22 C. J. 353, § 409.

Our judgment is that the circuit court properly admitted evidence of the admissions made by Davis that he had notice of plaintiff's mortgage at the time he took the one which defendant claims created a title superior to that of plaintiff.

The judgment entry does not show on what pleas issue was joined nor that the demurrer to pleas 2, 3, 4, 5, 7, 9, and 10 were acted upon. But it only shows one judgment, which is that from which this appeal was taken.

Plaintiff's demurrer to the pleas designated by letters refers to the fact that the court had sustained demurrers to the pleas which were numbered. In charging the jury the court stated that the issue presented by defendant was its right to surrender the property to a lienholder superior to that of plaintiff. No objection or exception was noted to this statement by the court of the issue. The numbered pleas were palpably immaterial or insufficient, and were subject to the demurrer. We are not willing to hold under such

438

circumstances that issue was joined on an immaterial plea which was proven, and therefore defendant was due the affirmative charge. Evidence of the declarations of notice by Davis for Roberts, Luther & Co. was sufficient to submit to the jury that issue in the case.

■■■ Appellant also contends that the mortgage to plaintiff, though it contains the statement that it secures "any other sum we may owe the payee before this note is paid," is not a valid security for amounts of indebtedness incurred after the mortgage was given to Roberts, Luther & Co., unless there was an agreement by plaintiff to make such additional advances, or, if there was no such obligation, though the debt is covered by the general terms of the mortgage, unless the first mortgagee had no notice of the second mortgage at the time of making the advances.

We need not here enter into a discussion of the rules in which courts in recent years have indulged respecting open ended mortgages and their priority over second mortgages in respect to future advances made thereafter though not obligated so to do. In 1 Jones on Mortgages (8th Ed.) §§ 447–457, an interesting discussion is noted. See Lovelace v. Webb, 62 Ala. 271, 280; Witczinski v. Everman, 51 Miss. 841, 846; Gray v. Helm, 60 Miss. 131; Collier v. Faulk, 69 Ala. 58; Manchuria S. S. Co. v. Donald, 200 Ala. 638, 641, 77 So. 12.

But there is no disagreement that, when the mortgage provides for such additional advances, the mortgagee, though not obligated to do so, may make them on the security of the mortgage in priority over the rights of a second mortgagee with notice, provided, at the time of making the additional advance, the first mortgagee had no notice of the rights of the second mortgagee. 1 Jones on Mortgages (8th Ed.) § 453 (369); 41 C. J. 527, § 467; 19 R. C. L. 429, § 210.

The record of the later mortgage is not notice to the prior mortgagee. N. E. Mortgage Sec. Co. v. Fry, 143 Ala. 638, 42 So. 57, 111 Am. St. Rep. 62; Grace v. Montgomery, 209 Ala. 386, 96 So. 430, citing Alexander v. Welch, 10 Ill. App. 181, 186; 1 Jones on Mortgages (8th Ed.) § 456; 19 R. C. L. 430, § 212. No evidence showed notice to plaintiff of the second mortgage prior to the creation of the additional debt secured by plaintiff's mortgage. And we may add that, when the second mortgage was made, it secured no existing debt, but advances were thereafter made on it, and it does not appear that such advances were made before the creation of the additional debt under the first mortgage.

So that appellant is not protected against such additional amount whatever might be the view of the court in respect to open ended mortgages.

The foregoing discussion treats the essential features of this appeal, and we do not think it necessary to discuss assignments of error not controlled by what we have here observed.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.