288 So.2d 744

**CRESCENT CREDIT CORPORATION**

v.

**UNION BANK & TRUST COMPANY OF MONTGOMERY, Alabama.**

**Civ. 251.**

Court of Civil Appeals of Alabama.

Jan. 16, 1974.

---

Rushton, Stakely, Johnston & Garrett, Montgomery, for appellant.

Hill, Robison, Belser, Brewer & Phelps, Montgomery, for appellee.

WRIGHT, Presiding Judge.

Appeal is taken from a judgment for defendant in a suit on common counts for money received by defendant for use of plaintiff in the amount of $9,170.69.

The facts upon which suit was based were stipulated. The stipulation, with attached documents, was submitted to the court sitting without a jury. The court found for the defendant, Union Bank & Trust Company.

The facts were as follows—On April 19, 1962, one Jack Thrasher and wife Margaret executed and delivered a note in the amount of $12,000, secured by a mortgage upon real estate, payable to Union Bank & Trust Company of Montgomery, Alabama. The mortgage was duly recorded. The mortgage contained the following "dragnet" clause:

"Now, in order to secure the prompt payment of said note when due, together with any and all other indebtedness now owing as well as all indebtedness that may be hereafter incurred before payment is made of the debt evidenced by the note. . . ."

On December 9, 1963, Thrasher executed and delivered another note to Union in the amount of $10,000.

On February 27, 1964, Thrasher and wife executed note and mortgage on the same real property to plaintiff, Crescent Credit Corporation, in the amount of $7,600.00. The mortgage recited that it was secondary and inferior to the mortgage of Union Bank. It was duly recorded.

On March 17, 1969, P & P Trucking Company, Inc., by Jack Thrasher, III, President, executed two notes in amounts of $12,069.36 and $6,224.40 to Union Bank. Each note had as security a truck. The notes were endorsed by Jack Thrasher, III and Jack Thrasher, Jr., with a waiver of demand, presentment, notice of protest, suit or all other requirements necessary to hold them.

On August 7, 1969, P & P Trucking Company, Inc., Jack Thrasher, President, executed another note to Union Bank in the amount of Ten Thousand Dollars ($10,000.00). This note was endorsed by Jack Thrasher, Jack Thrasher, III, and Margaret Thrasher, with full waiver of presentment, dishonor and notice. Jack Thrasher, Jack Thrasher, Jr., and Jack Thrasher, III, are one and the same.

Union Bank had no actual notice of the note and mortgage of Crescent Credit Corporation.

Each of the notes to Union became in default and due notice was given to makers and endorsers. Foreclosure and sale under the mortgage was had by Union on March 22, 1971. Union was purchaser at a bid of $25,000.00. At the time of foreclosure there was due and unpaid on Union's notes the following amounts:

| | |
|---|---|
| Note of 19 April, 1962 | $ 5,663.71 |
| Note of 9 Dec. 1963 | $10,004.00 |
| Note of 17 March, 1969 | $ 4,757.77 |
| Note of 17 March, 1969 | $ 1,992.30 |
| Note of 7 Aug. 1969 | $ 9,750.00 |

After payment of costs in the amount of $544.85, the first four notes were credited as paid in full. A credit of $2,037.37 was given on the note of August 7, 1969, leaving a balance of $7,712.63.

When plaintiff Crescent filed suit there remained due on its note the amount of $7,600.00 with interest.

Appellant, Crescent Credit Corporation contends the judgment in favor of defendant, Union Bank, was in error and contrary to law. Appellant recognized in brief that Alabama recognizes the validity of future advance clauses in mortgages. First National Bank of Guntersville v. Bain, 237 Ala. 580, 188 So. 64. It is admitted that Union properly credited from the proceeds of the foreclosure the amounts due on the original note and the note of December 9, 1963. However, Crescent submits that the remainder of the sales price should have been applied to its mortgage and not to the notes of P & P Trucking Co., Inc., endorsed by Jack Thrasher executed after the Crescent mortgage.

It is the proposition of appellant that a future advance clause of a mortgage does not apply to advances made by the mortgagee to persons other than the mortgagor and for which the mortgagor is liable only as a surety. Appellant applies this proposition to the fact that the notes made to Union subsequent to the note and mortgage to Cresent were executed by P & P Trucking Co., Inc. and not by Jack Thrasher individually. Appellant therefore contends that the indebtedness of these notes was not that of the mortgagor, Thrasher, but he was only secondarily liable as surety. However, appellant overlooks the fact that Thrasher was an indorser who had waived all notice of dishonor and right of protest. By such waiver, Thrasher became primarily liable along with the maker and was not just a surety with only contingent liability. Guttery v. Kilgore, 233 Ala. 514, 172 So. 627; Spragins v. McCaleb, 237 Ala. 658, 188 So. 251. Title 7A, §§ 3–501, 3–511.

It was stated in First National Bank of Guntersville v. Bain, supra, as follows: ". . . It is now the settled law of Alabama, and throughout this country, that clear and express provisions extending the security to other existing indebtedness or to future indebtedness between the same parties are given full effect . . ." [cited in City National Bank of Dothan v. First National Bank of Dothan, 285 Ala. 340, 232 So.2d 342.]

In considering whether a mortgage is security for past, present or future indebtedness, the question is the intent of the parties as expressed by the terms of the instrument and any admissible collateral facts. Morgan County Nat. Bank v. Terry, 213 Ala. 313, 104 So. 762; Monroe County Bank v. Qualles, 220 Ala. 499, 125 So. 615. If the language used is broad and inclusive enough, we do not eliminate the possibility of a mortgage covering indebtedness of a mortgagor as surety for the debts of third persons if contingent liability has matured. Harry Moore, Trustee of the Estate of Billie Sol Estes, Bankrupt, v. First Nat. Bank of Abilene, 345 F.2d 638 [5th Cir].

We consider the language of the mortgage of Union broad enough to secure the indebtedness of Thrasher as an indorser with full waiver arising from the notes executed by him as president of P & P Trucking Co., Inc. The mortgage of Crescent was designated inferior to that of Union. Notice of the mortgage of Union is stipulated. As we hold that the notes of P & P Trucking Co., Inc., represent an indebtedness of Thrasher secured by the mortgage of Union, priority of the note and mortgage is not involved in this appeal. If priority was a point of appeal, the case of City Nat. Bank of Dothan v. First Nat. Bank of Dothan, supra, would control.

Affirmed.

BRADLEY and HOLMES, JJ., concur.