TUTTLE, Senior Circuit Judge:
 

 This is an appeal from an order of the United States district court affirming an order entered by the United States bankruptcy court which granted the petition of Peoples Bank and Trust Company for a lifting of the automatic stay to permit its foreclosure upon real estate in the name of the bankrupt.
 

 Briefly stated, the question before the bankruptcy court was the effect of a future advance clause in her real estate mortgage when the bank sought to claim protection of the mortgage in a subsequent loan as to which the disclosure statement and security agreement stated that the subsequent loan was secured by “security interest herein” (two automobiles) and, as we read the document expressly stated that it was not secured by “real estate mortgage.”
 

 The two security arrangements between appellant and Peoples Bank and Trust Company were as follows: On March 26, 1976 appellant and her husband executed the note and mortgage on their residence in the amount of $9,500. That note contained a provision that the mortgage should stand as security for any future loans or advances made by the bank to the couple.
 
 [1]
 
 On March 29, 1979, the appellant and her husband executed a promissory note and security agreement to the bank in the principal amount of $9,925.10. The face of the note contained the following statements:
 

 
 *645
 

 Upon the bankruptcy of appellant, the mortgage note had not been fully paid off, and the consumer note was in default. Without further explanation the bankruptcy judge found that the two automobiles securing the consumer note “have been disposed of.”
 

 The automatic stay against creditors went into effect upon the filing of the bankruptcy petition by appellant and the bank filed a complaint for relief from automatic stay to permit foreclosure of lien upon real estate. The bankruptcy judge found that it was the intent of the parties upon the execution of the mortgage in 1977 to have all future debts of the mortgagors to the mortgagee protected by the mortgage on the home. This is in line with and fully supported by the Alabama law dealing with a future indebtedness clause in a bank loan security agreement.
 
 First National Bank of Guntersville v. Bain,
 
 237 Ala. 580, 188 So. 64 (1939),
 
 accord, City National Bank of Dothan v. First National Bank of Dothan,
 
 285 Ala. 340, 232 So.2d 342 (1970).
 

 Appellant contends that since the seminal
 
 Bain
 
 case the Alabama courts have not given consideration to the effect of the adoption of the state and federal consumer protection laws. She contends that even though the trial court held that she had no cross-complaint on the basis of the Truth-in-Lending Act, 15 U.S.C. § 1601
 
 et seq.,
 
 from which order she has not appealed, the requirements of that Act emphasize her argument that the failure of the bank to make a substantial disclosure in the making of the second loan either modified the original contract or that it would be unconscionable for the court to enforce it against the real estate in light of the Alabama statute dealing with the enforcement of an unconscionable commercial contract. Ala. Code (1975) § 5-19-16.
 

 Appellant also argues that the adoption of these consumer protection laws have so modified the Alabama law as to permit this Court to determine, in the absence of any controlling authority, that the intent to be considered by the Court is the intent at the time of the making of the second loan, rather than, as in
 
 Bain,
 
 the time of making the first loan.
 

 We need not reach the third contention made by appellant, since it is clear that in Alabama, as is doubtless true in every state, the parties to a contract may modify an executory contract as they see fit.
 

 A citizen of Alabama is free to contract in any way he sees fit....
 

 Contracting parties are free to modify their contract by mutual assent.
 
 Mogul Wagon Co. v. Shotts,
 
 18 Ala.App. 528, 93 So. 219 (1922).
 

 Kinmon v. J.P. King Auction Co., Inc.,
 
 290 Ala. 323, 276 So.2d 569 (1973).
 

 We conclude that this is precisely what the parties did in this case. They signed the agreement in 1977 which would have permitted the bank to hold the mortgage as security for a loan subsequently
 
 *646
 
 made in 1979. The bank, nevertheless, made the 1979 loan expressly on the security of two automobiles. Moreover, the form used by the bank as a disclosure statement under the requirements of the federal Truth-in-Lending Act expressly stated that it was
 
 not
 
 secured by real estate. This was a written modification of the original contract entered into by the parties.
 

 We need not decide whether the foreclosure of the future advance clause would be unconscionable under Ala.Code (1975), § 5-19-16. We rest our judgment on the much simpler proposition that the parties by consent modified the original contract to eliminate the real estate mortgage as security for the second loan.
 

 The judgment is REVERSED.
 

 [1]
 

 . The defeasance clause found in paragraph 10 of the mortgage states:
 

 Now, if the said debtor shall faithfully and punctually keep and perform each and every one of the obligations herein assumed, then this instrument shall become null and void, but not otherwise.
 

 Paragraph 4 of the mortgage provides the following language:
 

 Said debtor shall pay the debt primarily secured hereby, and all other debts which may become owing to mortgagee, or to the heirs or assigns of mortgagee, during the life of this mortgage, together with interest thereon, promptly, time being of the.essence of this mortgage obligation.