HANCOCK COUNTY BANK *v.* AMERICAN FLETCHER NATIONAL BANK, AS ADMINISTRATOR.

[No. 870A129. Filed December 29, 1971. Rehearing denied February 2, 1972. Transfer denied August 17, 1972.]

*Raymond S. Robak, Wolf & Robak,* of Greenfield, for appellant.

*Alan H. Lobley, Berkley W. Duck, III, Ice, Miller, Donadio & Ryan,* of Indianapolis, *Williams & Cone,* of Greenfield, for appellee.

WHITE, J.—Appellee's decedent, Harold B. Metcalf, Sr. was a coin dealer buying and selling coins for his own account and as an agent for others. Over the years, Metcalf obtained numerous loans from a predecessor in interest of the Hancock County Bank. At his death, the Hancock Bank held notes executed by Metcalf totaling $10,955. A chronological history of these three notes follows:

| Note: | Originally made: | Renewed: |
|---|---|---|
| Pl. Ex. #2 ($2400) | 9-29-65 | 3-8-66 |
| Pl. Ex. #7 ($5500) | 11-1-65 | 2-1-66 |
| Pl. Ex. #1 ($3000) | 11-2-65 | 1-30-66. |

The $5500 note contained, in part, the following language:

> "To secure the payment of this note, and of any other liability or liabilities of the undersigned to the holder hereof, due or to become due, or that may be hereafter contracted or existing, howsoever acquired by said holder, the undersigned has transferred, pledged and delivered to the Greenfield Citizens Bank of Greenfield, Indiana, the following property, to wit:
>
> U.S. Uncirculated Coins . . . ."

The coins were then placed and continue to remain in the possession of Hancock County Bank.

After Metcalf's death his administrator (hereinafter "AFNB") inquired concerning the indebtedness of Metcalf and was informed by a letter from an officer of Hancock Bank that the $2400.00 and $3000.00 notes "are on an unsecured basis."

AFNB paid the $5500.00 note on May 16, 1966, and sought to obtain the coins held as collateral for the note. Hancock Bank refused to surrender the coins contending they also secured the other two notes. Hancock Bank's contention is based on the open end security agreement contained in the $5500.00 note quoted above. This language is adequately broad to extend to existing advances, renewals, and future loans of any kind between the parties. *Rasmussen v. Helen Realty Co.*, 92 Ind. App. 278, 168 N. E. 717 (1931) (deposit with lessor covered "any other liability or liabilities of the undersigned to holder hereof, due or to become due, or that may be hereafter contracted or existing, howsoever acquired by said holder"—held that this covered numerous items including rent and money borrowed). Ind. Ann. Stat. §19-9-204(5) (Burns 1964), IC 1971, 26-1-9-204(5) reads:

"Obligations covered by a security agreement may include future advances or other value whether or not the advances or value are given pursuant to commitment."

Notwithstanding the validity of the agreement and the validity of its application to the other notes there was evidence, including the above mentioned letter, received in evidence without objection, from which the trial court could have, and apparently did, find that the parties did not intend the coin collection to be security for the other notes. *Chicago District Electric Generating Corp. v. Evans* (1946), 117 Ind. App. 280, 69 N. E. 2d 627. The trial court ordered it turned over to AFNB, the administrator.

We cannot say that reasonable men would have been bound to reach a contrary conclusion. *Pokraka v. Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

Judgment affirmed.

Hoffman, C.J., Sharp and Staton, JJ., concur.

NOTE.—Reported in 276 N. E. 2d 580.