Defendant, American National Bank Trust Company of Mobile, appeals from a jury verdict in favor of the plaintiff for a 1976 Ford van or its alternate value of $5,500, from the denial of its motion for directed verdict on its counterclaim, and from the denial of its request for judgment n.o.v., or, in the alternative, a new trial.
The plaintiff, James E. Robertson, executed an installment note and security agreement to the defendant bank, wherein the bank was granted a security interest in *Page 1123 
a 1976 Ford E100 van. The installment note provided for thirty-six monthly payments of $140.27 to be paid beginning on May 1, 1976.
The note and security agreement also contained a "future advance clause" which provided:
 In order to secure the payment of this note, and any and every extension or renewal thereof, and all other liabilities and indebtedness of Borrower to Holder, now existing or hereafter incurred or arising, direct or indirect, and however incurred, whether joint, several, absolute, contingent, matured, unmatured, liquidated or unliquidated (the "Obligations"), and the compliance with all of the stipulations herein contained, Borrower does hereby transfer, sell, assign and convey to Holder, its successors and assigns, the following described Collateral and a security interest therein, to-wit:
 1976 Ford E 100 Van Serial 7B E04BHB67358 7B 00268750
Subsequently, on November 29, 1976, the plaintiff executed a ninety day note in the amount of $2,000 to the defendant bank. The plaintiff defaulted on this note and defendant filed a suit on June 28, 1977 to recover the face amount of the note plus interest.
On July 11, 1977 the plaintiff's van was repossessed by the defendant bank. After discovering that the defendant had repossessed the van, the plaintiff filed suit for conversion of the Ford van. The defendant filed a counterclaim for the balance owed on the first installment note. The defendant filed a motion for a directed verdict on its counterclaim at the close of all the evidence. The trial court denied the motion and the jury found for the plaintiff. This appeal followed.
There was a great deal of testimony during the trial of the case at bar concerning whether the plaintiff was in default on the first installment note. The plaintiff's former wife tendered the payments for the months of June and July on July 11, 1977. The defendant argues that the payments were late and that the plaintiff was there fore in default. The plaintiff contends that he was not in default because the defendant had previously accepted late payments, and that the defendant repossessed the van after the late payments for June and July had been tendered.
The defendant also argues that even if the plaintiff was not in default on the first note, the second note was in default and the future advance clause in the first note made the van collateral for the second note. Therefore we think the dispositive issue as to plaintiff's action becomes not whether the plaintiff was in default on the first note, but whether the future advance clause contained in the first note was effective to authorize repossession of the van based on the default of the second note. That is, did this clause require that the plaintiff's van be security for the second note. The clause provided that the plaintiff's van was given to secure payment of the first note as well as "all other liabilities and indebtedness . . . now existing or hereafter incurred" by the plaintiff to the defendant. If this clause was valid, the plaintiff's van was security for the second note, and upon the plaintiff's default on the second note, title and right to possession of the van passed to the defendant.
Our cases have held that to sustain an allegation of conversion, the plaintiff must be able to show legal title and immediate right to possession of the property in question.Automotive Acceptance Corp. v. Powell, 45 Ala. App. 596,234 So.2d 593 (1970). Upon a debtor's default, title and right of possession pass to the creditor, and the creditor may repossess the property by self-help. Rainey v. Ford Motor Credit Co.,294 Ala. 139, 313 So.2d 179 (1975); § 7-9-503, Code of Alabama 1975.
We think it evident under the cases cited above that if the future advance clause was valid, the plaintiff could not recover for conversion since he was undisputedly in default on the second note.
The Uniform Commercial Code, Code of Alabama 1975 § 7-9-204 (5) gives effect to future advance clauses and provides: *Page 1124 
 (5) Obligations covered by a security agreement may include future advances or other value whether or not the advances or value are given pursuant to commitment.
There are no Alabama cases upholding the enforcement of a future advance clause similar to the one in the instant case since the adoption of the UCC. However, courts in other jurisdictions have given effect to such clauses. In re PublicLeasing Corp., 488 F.2d 1369 (10th Cir. 1973); Hancock CountyBank v. American Fletcher National Bank Trust Co.,150 Ind. App. 513, 276 N.E.2d 580 (1971); In re White Plumbing Heating Co., 6 UCC Rep. 467 (E.D.Tenn. 1969); In re Glawe, 6 UCC Rep. 876 (E.D.Wis. 1969).
Prior to the advent of the UCC, our supreme court said the following concerning the enforceability of a future advance clause contained in a mortgage:
 But it is now the settled law of Alabama, and throughout this country, that clear and express provisions extending the security to other existing indebtedness or to future indebtedness between the same parties are given full effect. Indeed, it is held on high authority, that in many cases it would be a great hardship if this rule did not obtain as regards future indebtedness incurred or assumed by the mortgagor. For example, a bank customer, having occasion in his business operations, to obtain frequent loans, may thus avoid the necessity of giving repeated mortgages.
First National Bank v. Bain, 237 Ala. 580, 188 So. 64 (1939). While we are aware that Bain involved a mortgage and not a security agreement, we think the principle still is a sound one, particularly in light of the statutory recognition of future advance clauses in the UCC. Therefore we hold that the future advance clause in the first note executed by the plaintiff was valid and enforceable, and the plaintiff's van was security for the second note, thus enabling the defendant to repossess the vehicle upon the plaintiff's default without converting the vehicle. Accordingly, the trial court erred in refusing defendant's motion for directed verdict as to plaintiff's complaint.
The defendant has also appealed the trial court's denial of its counterclaim for the balance owed by the plaintiff on the first note which totals $3,226.21. The defendant asserts that the plaintiff's default on the second note enabled the defendant to accelerate the first note and declare it in default. The pertinent terms of the first note and security agreement provide that:
 The maturity date hereof and that of each of the other Obligations (as hereinafter defined) is subject to acceleration upon the occurrence of certain events, as more particularly set forth below . . .
 In the event of . . . the failure of any maker, endorser, surety or guarantor hereof (the Obligors) to pay when due or perform any of the Obligations (as hereinafter defined) or any part thereof or the failure of any Obligor to pay when due any other liability to Holder, . . or on the happening of any one or more of said events' of default, Holder shall have the right at its election and without notice to any Obligor to declare the Obligations immediately due and payable with interest to date. . . .
 BORROWER HEREBY FURTHER WARRANTS, REPRESENTS AND AGREES THAT:
. . . . .
 (8) Upon the happening of any one or more of the following events, each of which shall constitute a default hereunder, all unpaid amounts represented by all Obligations shall immediately become due and payable, with interest to date . . . (b) Failure of any Obligor to perform any other agreement hereunder;. . . .
The plaintiff has argued that a default of the second note cannot be considered a default of the first note because he was unaware that such a provision was contained in the first note.
It is well settled that one who signs an instrument, even though he is ignorant *Page 1125 
of its contents, is bound by its terms in the absence of fraud, misrepresentation or deceit, Broadway v. Household FinanceCorp., Ala.Civ.App., 351 So.2d 1373, cert. den., Ala.,351 So.2d 1378 (1977), and there is no evidence of fraud, deceit or misrepresentation in the making of the agreement. Furthermore, a security agreement is effective according to its terms. Code of Alabama 1975, § 7-9-201; Waters v. Union Bank of Repton, Ala., 370 So.2d 957 (1979).
We think the previously quoted language of the first note and security agreement clearly provided that upon the failure of the plaintiff to pay the second note, the defendant had the right to accelerate the first note without notice. See FultonNational Bank v. Horn, 239 Ga. 648, 238 S.E.2d 358 (1977). Thereafter, when the plaintiff did not pay the entire indebtedness, i.e. the first and second notes, the defendant was entitled to repossess the vehicle and attempt to collect the balance due on both loans.
The evidence shows that the repossessed vehicle was sold and a request made of the trial court to apply the proceeds of the sale to the satisfaction of the second note with any remainder to be applied to the reduction of the first note.
Based on the foregoing, we think the trial court erred in failing to give judgment to defendant on its counterclaim for the amount unpaid on the first installment.
Plaintiff appeals the trial court's order striking his amended complaint, which sought damages for defendant's failure to dispose of the collateral in accordance with the pertinent provisions of the Uniform Commercial Code. Plaintiff says the court erred in not allowing him to allege and present evidence of defendant's actions after repossession of the vehicle. He contends that defendant violated the default provisions of the UCC and therefore he is entitled to damages under § 7-9-507 (1), Code of Alabama 1975.
In his original complaint, plaintiff sought in one count damages for the conversion of the vehicle and in another count recovery of the property in specie, or, in the alternative, its value at time of seizure. About fifteen months after repossession of the vehicle, defendant moved the court for permission to sell it and apply the proceeds to the satisfaction of the $2,000 note that was in default and the balance, if any, to the satisfaction of the first note. Shortly thereafter, plaintiff requested permission to amend his complaint to request damages for defendant's failure to properly dispose of the repossessed property.
Defendant moved to strike the amendment on the ground that the original complaint and the proposed amendment requested inconsistent relief. The trial court initially denied the motion to strike the amendment but subsequently reconsidered and struck it. Plaintiff appeals from that order.
We find no error in the trial court's order for two reasons: one, the original complaint and the proposed amendment did ask for inconsistent relief and, second, the disposition of the collateral was carried out pursuant to a court order and, when so done, is considered commercially reasonable. When so considered, a party is not entitled to damages under § 7-9-507 (1).
The relief sought in the original complaint and the amendment thereto was inconsistent because the original complaint sought not only damages for conversion but also sought the return of the collateral in specie. The amendment sought damages for defendant's failure to promptly and properly dispose of the collateral so as to minimize any loss that plaintiff might suffer. Such a request asks in one breath that the collateral be returned if the court so orders, which envisions retention by defendant until that time, and in the next breath asks for damages for the failure of defendant to sell the collateral.
It is quite obvious that defendant could not return the collateral in specie if it had been sold. Accordingly, plaintiff must pursue one or the other of the two possible remedies available to him, not both at the same time. *Page 1126 
Prior to the filing of the amendment to the complaint on November 3, 1978, the court had ordered the sale of the collateral to prevent further depreciation, and the vehicle was sold on December 29, 1978.
The UCC provides that if the sale of repossessed collateral is carried out pursuant to a court order, the sale is conclusively deemed to be commercially reasonable. Section 7-9-507 (2), Code of Alabama 1975. And, when the sale is carried out in accordance with § 7-9-507 (2), the plaintiff would not be entitled to damages under § 7-9-507 (1). Thus the trial court acted properly in striking plaintiff's amendment to the original complaint.
For the reasons above stated, the judgment of the trial court rendered in favor of plaintiff and against defendant on plaintiff's complaint and defendant's counterclaim is reversed. The judgment striking plaintiff's amendment to his original complaint is affirmed. The cause is remanded for entry of judgment not inconsistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.